UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEVON'TRE L. COTTINGHAM, SR.,

    Petitioner,

v.                                              Case No. 16-cv-163-pp

CHERYL EPLETT,[1]

    Respondent.

---

**ORDER OVERRULING PETITIONER'S OBJECTIONS (DKT. NO. 22), ADOPTING JUDGE JONES'S RECOMMENDATION (DKT. NO. 21), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On August 7, 2017, Magistrate Judge David E. Jones issued an order denying the petitioner's request to withdraw consent to magistrate judge jurisdiction. Dkt. No. 21. His decision also contained a recommendation that this court dismiss the petitioner's *habeas* petition as untimely. Id. Two weeks later, the petitioner objected to Judge Jones's recommendation, challenging "ALL recommendations of the magistrate[,]" and specifically (1) the ability of Judge Jones to make a recommendation in this case; (2) Judge Jones's decision to deny the petitioner's request to withdraw consent to a magistrate judge; and (3) Judge Jones's decision not to issue a certificate of appealability.

---

[1] The petitioner now is incarcerated at the Oakhill Correctional Institution. See General Public-Offender Search, WISCONSIN DEP'T OF CORRECTIONS, available at https://appsdoc.wi.gov/lop/home.do. The warden of that institution is Cheryl Eplett. See Oakhill Correctional Institution, WISCONSIN DEP'T OF CORRECTIONS, available at: https://doc.wi.gov/Pages/ OffenderInformation/ AdultInstitutions/OakhillCorrectionalInstitution.aspx. Under Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the court will update the case caption to reflect the appropriate respondent.

1

Dkt. No. 22. The court will overrule the petitioner's objections, adopt Judge Jones's report and recommendation, dismiss the case and decline to issue a certificate of appealability.

I.  **Background**

   A.  Procedural Background

In February of 2016, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 1997 conviction in Racine County Circuit Court. Dkt. No. 1. The clerk's office randomly assigned the case to Magistrate Judge David. E. Jones and sent the petitioner a letter asking whether he would consent to have his case decided by a magistrate judge. Dkt. No. 3. On February 25, 2016, the court received the petitioner's consent form. Dkt. No. 4. He checked the box that read: "The undersigned attorney of record or pro se litigant consents to have Magistrate Judge David E. Jones conduct all proceedings in this case, including a bench or jury trial, and enter final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b)." Id. The petitioner signed the form. Id.

Before the respondent entered an appearance (or filed a consent), Judge Jones screened the petition. Dkt. No. 5. His screening order recounted the petitioner's state court proceedings and concluded that the petition likely was time-barred under 28 U.S.C. §2244(d)(1)(A). Id. Judge Jones gave the petitioner one month to demonstrate why his petition should not be dismissed as untimely. Id. The court received the petitioner's response on April 4, 2016. Dkt. No. 6. A month later, on May 6, 2016, Judge Jones issued an order

concluding that the petitioner had not shown that his petition was timely under 28 U.S.C. §2244(d) and dismissed the petition without issuing a certificate of appealability. Dkt. No. 7.

The petitioner filed a notice of appeal on May 26, 2016. Dkt. No. 10. Thirteen months later, the Seventh Circuit Court of Appeals vacated Judge Jones's order based on its decision in <u>Coleman v. Labor and Indus. Review Comm'n</u>, 860 F.3d 461 (7th Cir. 2017) and remanded the case to Judge Jones "for further proceedings consistent with <u>Coleman</u>." Dkt. No. 19. Three days after the Seventh Circuit remanded the case—August 2, 2017—the court received a request from the petitioner, asking to withdraw his consent to Magistrate Judge Jones deciding the case. Dkt. No. 20. On August 7, 2017, Judge Jones denied the petitioner's motion. Dkt. No. 21. That same decision also contained a recommendation that the district court dismiss the petition as untimely. <u>Id.</u>

    B.    <u>Judge Jones's August 7, 2017 Decision</u>

Judge Jones observed that a party may revoke consent to proceed in front of a magistrate judge only in "extraordinary circumstances." <u>Id.</u> at 2 (citing 28 U.S.C. §636(c)(4)). He observed that the petitioner had asked to withdraw consent only because Judge Jones had "entered a [sic] order without jurisdiction to do so." Dkt. No. 20 at 1. Judge Jones did not find this ground sufficient to constitute "extraordinary circumstances." Dkt. No. 21 at 2. He reasoned that his previous dismissal of the case did not warrant revocation of consent because if a court allowed a litigant to withdraw consent based on an

3

adverse ruling from a magistrate judge, the consent process would be a pointless exercise. Id.

Judge Jones returned to the original posture of the petition (prior to the appeal and remand from the Seventh Circuit) and again screened the petition. Id. at 3. He recounted how the petitioner was convicted on one count of attempted first-degree intentional homicide and one count of armed robbery as a party to a crime in 1998. Id. at 4 (citing dkt. no. 1 at 2). He observed that the Wisconsin Court of Appeals had denied the petitioner's direct appeal on April 19, 2000. Id. at 5. He explained that the Racine County Circuit Court had denied the petitioner's post-conviction motion on June 18, 2001 and that the Wisconsin Court of Appeals had affirmed that decision on September 10, 2003. Id. Judge Jones recounted that the petitioner had filed a second post-conviction motion—a motion to modify his sentence—in 2013. Id. at 6. He explained that after the circuit court denied that motion on February 24, 2014, the Wisconsin Supreme Court denied the petitioner's request for review of that decision on June 12, 2015.[2]

Judge Jones repeated that "'[u]nder 28 U.S.C. §2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition.'" Id. at 5 (quoting Gladney v. Pollard, 799 F.3d 889, 894 (7th Cir. 2015)). He concluded that the

---

[2] As Judge Jones noted, the petitioner provided no information regarding whether he appealed the circuit court's decision to the Wisconsin Court of Appeals. Dkt. No. 21 at 4. The missing information does not impact the court's analysis.

4

petitioner's conviction became "final" after the Wisconsin Supreme Court denied his petition for review in 2003 and that his time for filing a federal *habeas* petition "ran out near the end of 2004 at the latest[.]" Id. at 6. Judge Jones did not credit the petitioner's argument that he had filed this federal petition within a year after the conclusion of his second Wisconsin post-conviction proceeding. Id. Judge Jones reasoned that because the petitioner filed his second post-conviction motion almost ten years after the last events of his first post-conviction motion, the petitioner's "time certainly ran out in the interim." Id.

As to the petitioner's argument that he filed a post-conviction motion as soon as he learned of his co-defendant's sentence modification, Judge Jones opined that "a motion to seek sentence modification has 'no bearing on the constitutionality or finality of [the habeas petitioner's] convictions' and does not affect the limitations period under §2244(d)(1)(A)." Id. at 7 (quoting Lozano v. Frank, 424 F.3d 554, 555 (7th Cir. 2005)). Judge Jones considered whether to equitably toll the statute of limitations but observed that equitable tolling "is rarely granted" and "is reserved for truly extraordinary cases[.]" Id. at 7 (citing Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010)). He found that because the petition was at least ten years late, the petitioner could not avail himself of equitable tolling. Id. Judge Jones recommended that this court dismiss the case. Id. He further recommended that the court deny a certificate of appealability, stating that there was "no basis for finding that jurists of reason would debate the correctness of these procedural rulings[.]" Dkt. No. 21 at 7-8.

5

C. Petitioner's Objections

On August 23, 2017, the court received the petitioner's objections to Judge Jones's August 7, 2017 decision. Dkt. No. 22.[3] He asserted that Judge Jones should not have made a report and recommendation because a recommendation "defeats[s] the reason for the remand by the Seventh Circuit, and it makes mockery of the remand in the first place." Id. at 1. The petitioner argued that Judge Jones erred in denying his request to withdraw consent, again because of the Seventh Circuit's remand. Id. at 2. He contended that Judge Jones had denied the motion by relying on cases where both parties had originally consented before one party wanted to back out; here only the petitioner had consented. Id. The petitioner additionally opposed Judge Jones's denial of the certificate of appealability because "the Seventh Circuit Court made it clear that the matter was to be assigned to one of the District Court judges." Id. at 3. After these specific objections, the petitioner stated that he objected to "ALL recommendations of the magistrate[.]" Id. at 3.

**II. Analysis**

A. Judge Jones's Authority To Issue Decision

The petitioner asserts that the Seventh Circuit's remand order stripped Judge Jones of his ability to make decisions in this case. He is mistaken.

The Seventh Circuit's July 31, 2017 mandate read:

---

[3] The petitioner timely filed his objections; although date-stamped as received on August 23, 2017, they were signed and dated on August 18, 2017. Dkt. No. 22 at 3.

6

> Shortly after petitioner filed his habeas petition, he consented to have a magistrate judge decide the case. The magistrate judge who was assigned to petitioner's case dismissed it and entered a final judgment before the respondent had occasion to consent, or not, to proceed before a magistrate judge. But petitioner's consent alone did not give the magistrate judge the authority to enter final judgment. *Coleman v. Labor and Industry Review Commission*, No. 15-3254, slip op. (7th Cir. June 16, 2017). Accordingly,
>
> The judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with *Coleman*.

Dkt. No. 19 at 3. The Seventh Circuit's order did not prohibit Judge Jones from further involvement in the case, or require the remanded case to be reassigned to a district judge. It said only that the case was remanded "for further proceedings consistent with *Coleman*." Id.

In Coleman, 860 F.3d 461 (7th Cir. 2017), the Seventh Circuit held that under the Magistrate Judges Act, 28 U.S.C. §636, a magistrate judge could not issue an order finally resolving a case unless all parties had consented to his or her authority. Id. at 475. The Coleman court explained that when a magistrate judge did not have consent from all parties, "[r]ather than entering final judgments, [magistrate judges] must 'issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court.'" Id. (quoting Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 28 (2014)). The Seventh Circuit continued,

> [w]e realize that this adds one extra step, but it is not a particularly burden-some one, and it does not mean that parties in the [respondent's] position must be served before the case can be resolved. It just means that the district judge must enter any post-screening orders that dispose of the entire case.

Id.

7

The July 31, 2017 mandate required that on remand, the court must proceed consistent with the decision in Coleman; Judge Jones precisely followed Coleman's instructions. On the one issue that would dispose of the entire case—the timeliness issue—Judge Jones issued a report and recommendation to this court, for this court to make the final decision. Dkt. No. 21. Nothing in Coleman forbade Judge Jones from deciding the non-dispositive issue (the motion to withdraw consent) or from issuing a report and recommendation on a dispositive issue (the timeliness of the petition). The petitioner charges Judge Jones with *violating* Coleman, but Judge Jones *followed* Coleman; he referred the dispositive issue to a district court judge.

The Magistrate Judges Act, the Federal Rules of Civil Procedure and this district's Local Rules all gave Judge Jones the authority to issue his August 7, 2017 decision. Coleman concerned the Seventh Circuit's interpretation of the Magistrate Judges Act, 28 U.S.C. §636, specifically subsection (c), which explains the authority a magistrate judge has "upon consent of the parties." 28 U.S.C. §636(c)(1). A different subsection of the Magistrate Judges Act, however, discusses what tasks district judges may assign to magistrate judges regardless of the consent of the parties. See 28 U.S.C. §636(b). Under 28 U.S.C. §636(b)(1)(A), a district court judge may

> designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash and indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

8

28 U.S.C. §636(b)(1)(A). Under subsection (b)(1)(B) of that same statute, district court judges also may designate magistrate judges to

> conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. §636(b)(1)(B). Federal Rule of Civil Procedure 72(b) reinforces the magistrate judge's authority to rule on matters designated to him, providing that "[a] magistrate judge must promptly conduct the required proceedings when assigned, *without the parties' consent,* to hear a pretrial matter dispositive of a claim or defense[.]" (emphasis added).

Finally, the Magistrate Judge Act directs that "each district court shall establish rules pursuant to which the magistrate judges shall discharge their duties." 28 U.S.C. §636(b)(4). The Eastern District of Wisconsin has established such rules for magistrate judges; they are in the Local Rules for the Eastern District of Wisconsin. With or without the consent of the parties, this district has authorized magistrate judges to

> process[] and review[] habeas corpus petitions or applications filed pursuant to 28 U.S.C. § 2241, those filed by state prisoners pursuant to 28 U.S.C. § 2254, or by federal prisoners pursuant to 28 U.S.C. § 2255, and, and civil suits filed by state prisoners under 42 U.S.C. §1983, with authority to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the district judge as to appropriate disposition of the application, petition, or claim.

9

Local Rules for the Eastern District of Wisconsin, General Local Rule 72(R). And under General Local Rule 72(S), magistrate judges can

> supervis[e] and determin[e] all pretrial proceedings and motions made in civil cases including, *without limitation, rulings upon all procedural and discovery motions*, and conduct pretrial conferences; except that a magistrate judge (absent the consent of all affected parties) may not appoint a receiver, issue an injunctive order pursuant to Fed. R. Civ. P. 65, enter an order dismissing or permitting maintenance of a class action pursuant to Fed. R. Civ. P. 23, enter any order granting judgment on the pleadings or summary judgment in whole or in part pursuant to Fed. R. Civ. P. 12(c) or 56, enter an order of involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) or (c) or enter any other final order or judgment that would be appealable if entered by a district judge, but may make reports and recommendations to that district judge concerning them.

Local Rules for the Eastern District of Wisconsin, General Local Rule 72(S) (emphasis added).

General Local Rule 72(R) gave Judge Jones the authority to issue his report and recommendation to this court to dismiss the petition as untimely. General Local Rule 72(S) gave Judge Jones the authority to deny the petitioner's motion to withdraw consent. Neither part of Judge Jones's August 7, 2017 decision required the petitioner's consent; Judge Jones followed the statutory commands of 28 U.S.C. §636(b) as effectuated by General Local Rules 72(R) and 72(S). To the extent that the petitioner's objections allege Judge Jones violated Coleman or otherwise acted outside the scope of his authority, the court overrules those objections.

  C. Remaining Objections

The petitioner argues that Judge Jones should not have denied the motion to withdraw consent and that he should have issued a certificate of

10

appealability. The petitioner also made a blanket objection to "ALL" of Judge Jones's recommendations.

### 1. Standard of Review

Judge Jones's August 7, 2017 decision contained both an order on a non-dispositive motion and a report and recommendation on a dispositive issue. The court applies different standards to the different parts of the order.

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12, Rules Governing Section 2254 Cases in the United States District Court. Federal Rule of Civil Procedure 72(a), provides that:

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The petitioner's motion to withdraw his consent to magistrate judge authority did not relate to the merits of the petition and would not resolve the petition. It qualified as a "pretrial matter not dispositive of a party's claim," and this court reviews that decision under a clear error standard. Id. The clear error standard means that "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

By contrast, Judge Jones's recommendation to dismiss the case and deny a certificate of appealability concerned a dispositive issue. In reviewing

11

recommendations on dispositive issues, the court looks to Federal Rule of Civil Procedure 72(b)(1), which required Judge Jones to "conduct the required proceedings" and "enter a recommended disposition." Fed. R. Civ. P. 72(b)(1). For recommendations on dispositive matters, a dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review us sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court must conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted).

  2. *Analysis*

In denying the petitioner's motion to withdraw consent, Judge Jones proceeded under 28 U.S.C. §636(c)(4), which says that a court may "for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." Judge Jones found that the petitioner had not shown any "extraordinary circumstances" warranting the revocation of the petitioner's original consent to proceed in front of a magistrate judge. Dkt. No. 21 at 2. The

12

petitioner argues that his case is unique because only he, and not the respondent, had consented to the authority of a magistrate judge to decide the case. The respondent had not yet had the opportunity to appear and had not yet filed a consent form. The plaintiff argues that for Judge Jones to have decided this motion would make a mockery of the Seventh Circuit's remand order.

The petitioner does not cite any cases in support of his contention that motions to withdraw consent are treated differently if only one party has consented. Nor has the court found any in its independent research. The court agrees with Judge Jones and finds no clear error in his reasoning that if the court were to allow an adverse decision to constitute an "extraordinary circumstance" under the Magistrate Judges Act, it would defeat the purpose of the consent procedure. Every decision a judge makes is adverse to one of the parties, which means that, under the petitioner's argument, every losing party who had consented before the adverse decision could withdraw consent after the adverse decision. If that were true, the consent process would impose a huge burden on the court, rather than doing what it is supposed to do—lessen the load on district court judges and give parties the ability to have their cases decided by magistrate judges with less crowded dockets. Judge Jones did not commit clear error in denying the petitioner's motion to withdraw consent.

The court also agrees with Judge Jones's recommendation to dismiss the case. The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

gives an incarcerated person one year to bring a *habeas* petition. 28 U.S.C. §2244(d)(1). The clock for the one-year period runs from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D). The AEDPA also provides a "tolling" period during which a petitioner's one-year time clock stops. Under §2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under the subsection." Equitable tolling also may apply if the prisoner can show (1) that he diligently has been pursuing his rights and (2) that some extraordinary obstacle stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010).

As Judge Jones found, the petitioner did not argue or attempt to show that the court should use any of the §2244(d)(1)(B)-(D) events to calculate the one-year limitations period. Accordingly, the court calculates the limitations

14

period beginning from the date on which the petitioner's conviction became final.

The Racine County Circuit Court entered judgment of conviction on April 1, 1998. Dkt. No. 1 at 2. The Wisconsin Court of Appeals denied the petitioner's appeal on April 19, 2000. Id. at 3. The petitioner requested review in the Wisconsin Supreme Court on May 29, 2000 and indicates that that court denied his petition for review, but lists "unknown" as for the date of the denial. Id. (The public docket indicates that the Wisconsin Supreme Court summarily denied the petition for review on May 15, 2000. State of Wisconsin v. Devon'tre L. Cottingham, 1999AP000537, available at: https://wscca.wicourts.gov/ (last visited Jan. 31, 2020)). The petitioner filed a post-conviction motion under Wis. Stat. §974.06 on June 18, 2001, alleging ineffective assistance of trial counsel. Id. The Racine County Circuit Court denied that motion on February 13, 2002 and the petitioner's attachment to his *habeas* petition shows that the Wisconsin Court of Appeals affirmed the circuit court on September 10, 2003. Dkt. No. 1 at 18. The public docket indicates that the petitioner asked the Supreme Court to extend the time for him to file a petition for review; the court denied that motion on October 21, 2003, stating that the thirty-day period could not be enlarged. State v. DeVon'tre L. Cottingham, 2002AP001099, available at https://wscca.wicourts.gov/

The next thing that happened was that on March 14, 2013, the petitioner filed another post-conviction motion. If he had properly filed this motion during the year between October 2003 and October 2004, it would have "tolled," or

15

paused, the one-year clock. 28 U.S.C. §2244(d)(2). But once the one-year limitations period has expired, filing a post-conviction motion does not start the clock all over again. Once the limitations period has expired, the plaintiff's petition is "time-barred."

The court concludes that the petitioner's one-year limitations period began to run in late 2003 and expired, at the latest, near the end of 2004. There is no evidence that the petitioner pursued any relief in state court between the fall of 2003 and the end of 2004. The petitioner did not file this federal *habeas* petition until February of 2016. Equitable tolling does not resolve the problem; the petitioner has not shown that he could not file his federal petition within the year after his conviction became final. The fact that he did not find out about his co-defendant's sentence modification until after the limitations period expired does not show that he could not have raised the issues he seeks to raise here—ineffective assistance of trial counsel, a harsher sentence than his co-defendant received, objections to the DOC's parole policies, and the sentencing judge's consideration of his co-defendant's guilty plea—in 2003 or 2004.

The court will dismiss the petition as time-barred under 28 U.S.C. §2244(d).

III. **Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing

of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issue presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotations omitted). The court agrees with Judge Jones's recommendation to deny a certificate of appealability. As explained above, Judge Jones had the authority to issue his recommendation on the petition and no reasonable jurist could debate that the petitioner's petition was untimely under 28 U.S.C. §2244(d).

## IV. Conclusion

The court **ORDERS** that the Clerk of Court shall update the caption in this case to reflect that the respondent is Cheryl Eplett, Warden at Oakhill Correctional Institution.

The court **OVERRULES** the petitioner's objections, dkt. no. 22, and **ADOPTS** Judge Jones's recommendation to dismiss the petition, dkt. no. 21.

The court **ORDERS** that the petitioner's petition for writ of *habeas corpus* is **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**